# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **Victor Lewis Alvarez,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:26-cv-01127-ADA-SH** |
| | § | |
| **Ms. Collins**, *Warden of the T. Don* | § | |
| *Hutto Detention Center*, *et al.*, | § | |
| *Defendants* | § | |

## ORDER

Before the Court are Petitioner Victor Lewis Alvarez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed April 28, 2026.[1]

### I.    Application to Proceed *In Forma Pauperis*

Petitioner seeks leave under 28 U.S.C. § 1915(a)(1) to file his Petition without prepaying the filing fee or costs. Under § 1915(a)(1), a court may permit a petitioner to file an action "without prepayment of fees or security therefor" if he shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing Petitioner's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** his Application to Proceed in

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

District Court Without Prepaying Fees or Costs (Dkt. 2). The Court grants *in forma pauperis* status subject to a later determination that this action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious under 28 U.S.C. § 1915(e)(2).

## II.    Review under Section 1915(e)(2)(B)

Because Petitioner has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his petition under 28 U.S.C. § 1915(e)(2). A court shall dismiss an action filed *in forma pauperis* if the court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether an action states a claim, the Court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to state a claim under § 1915(e)(2)(B) "when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). The Court liberally construes the pleadings of litigants who, like Petitioner, proceed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Section 2241 authorizes federal district courts to grant writs of habeas corpus to detainees "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner alleges that his detention is unconstitutional and violates the

2

Administrative Procedure Act. This Magistrate Judge finds Petitioner's allegations sufficient at this stage and does not recommend dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B).

The Court **ORDERS** Petitioner's Petition to be filed without prepayment of fees or costs or giving security therefor under 28 U.S.C. § 1915(a)(1).

### III.    Order to Show Cause

Section 2243 instructs:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not to exceed twenty days, is allowed." 28 U.S.C. § 2243.

Petitioner alleges that he is entitled to a writ because (1) his detention without legal justification and without a chance to seek redetermination of his custody status violates his rights to substantive and procedural due process guaranteed by the Fifth Amendment; (2) his detention violates the Administrative Procedure Act; and (3) Respondents violated his right to privacy under the First Amendment. Dkt. 1 at 6. Petitioner asks the Court to grant the writ of habeas corpus ordering Respondents to release Petitioner immediately. *Id.* at 7.

In accordance with § 2243, the Court **ORDERS** Respondents to show cause in writing **on or before Wednesday, May 6, 2026**, why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1).[2]

---

[2] District courts may amend the timeline laid out in § 2243 when necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). "[I]t is well-settled that the strict time limit prescribed by § 2243 is 'subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases,' which are applicable to petitions filed under § 2241." *Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 13292924, at *1 (W.D. La. June 28, 2019). Recognizing the serious consequences of continued allegedly wrongful detention, the Court finds the timeline suggested in § 2243 equitably and prudentially appropriate.

This Magistrate Judge **ORDERS** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas until the Court orders otherwise or this case is closed. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."). This is not to be construed as a temporary restraining order but as an exercise of the Court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2-3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

**IT IS ORDERED** that the Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process on the Federal Government Respondent.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**SIGNED** on May 1, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE